Dear Mr. Coenen:
On behalf of the Board of Commissioners of the Tensas Basin Levee District (the Levee Board), you have requested an opinion from this office regarding whether the Levee Board can legally purchase whole life insurance for its commissioners and employees and, if so, whether there is any limitation on the amount of insurance that can be provided to each.
You explained that the Levee Board would be the owner of the policies and would be entitled to the cash surrender value of the policies for those insured who cease to be an employee or board member prior to retirement. However, upon retirement, the retired employee or board member would become the owner of the policy.
Because the ownership of the individual policies would change upon retirement of the insured, we think this would constitute a retirement benefit or plan. Article X, Section 29(B) of the Louisiana Constitution requires the legislature to enact laws providing for retirement of officials and employees of the state, its agencies and its political subdivisions through the establishment of one or more retirement systems. We have previously opined that while Article VII, Section 14(B) of the Louisiana Constitution provides an exception from the general prohibition against the loan, pledge or donation of the funds, credit, property, or things of value of the state or of any of its political subdivisions for contributions of public funds to pension and insurance programs for the benefit of public employees, that exception is limited to pension programs established by the legislature as required by Article X, Section 29. See Attorney General Opinions No. 82-1169 and 89-193. Therefore, we are of the opinion that the proposed plan, not being a retirement system established by the legislature, would violate the general prohibition found in Article VII, Section14(A) of the Louisiana Constitution.
We would also like to point out that Article X, Section29.1 of the Louisiana Constitution precludes the participation of members of a levee board who were not serving on January 1, 1997 and who were not a member of a retirement system covering that position on that date, from any public retirement system, fund or plan sponsored by the state of Louisiana or any instrumentality or political subdivision thereof (with the exception of the Louisiana Public Employees Deferred Compensation Plan or its successor).
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: RANDALL A. KARR
ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra Enclosure
OPINION NUMBER 82-1169
March 10, 1983
 RETIREMENT — State Employees 92-A-2(g) RETIREMENT — Parochial Employees . . . . . . . 92-A-2(e) LSA-R.S. 29:601 et seq., 29:608, 33:6193, La. Const. of 1974 Art. VII, Sec. 14; Art. X, Sec. 29
Director of Caddo Bossier Civil Defense Agency may not establish individual retirement accounts for Mr. Robert E. Harroun, III Agency employees using Agency funds. General Counsel to the Agency employees, while not required
Legislative Auditor to join a public retirement system, Post Office Box 44397 may join one, but only the board of Baton Rouge, LA 70804 trustees of each system may determine the issue of eligibility for each system.